IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MINISTER EMOVEN | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv11 |
| SHERIFF, JEFFERSON COUNTY | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Minister Emoven, an inmate confined at the Jefferson County Correctional Facility, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as repetitious of another pending petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Objections to the magistrate judge's Report and Recommendation were filed.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections should be overruled.

It is first noted that the objections were filed by Melvin Mack Chandler, Jr. on behalf of the petitioner. Pleadings submitted to a court may be signed by either parties proceeding *pro se* or by attorneys. Pleadings may not, however, be signed by a nonattorney on behalf of another individual. *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978). "[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Id.* at 514; *Hill v. First Financial Bank Shares*, No. 1:17cv25, 2017 WL 3142765 (N.D. Tex. 2017). It is

true, of course, that in certain circumstances nonattorneys may file pleading on behalf of another as a "next friend." As a general rule, however, persons on whose behalf a next friend acts are generally minors or incompetents. See FED. R. CIV. P. 17(c). Melvin Mack Chandler, Jr. does not allege he is a licensed attorney. Nor does he allege petitioner is a minor or has been adjudicated incompetent. Thus, the objections should be stricken from the record as improvidently filed.

Alternatively, even affording the objections review, the objections are without merit. Minister Emoven is the name under which this petition was filed. However, a close reading of the petition reveals the person convicted and confined is Ronnie Adam Cloud.[1] Ronnie Adam Cloud has filed a previous writ challenging the same convictions challenged in this petition, Cause Numbers 19-31615, A990214, and A990217. As set forth in the Report, the other petition remains pending before this court. *See Cloud v. Broussard*, Civil Action Number 1:19cv526 (E.D. Tex.). Accordingly, the above-styled petition should be dismissed as repetitious of the other pending petition, as recommended. Petitioner also has failed to assert or demonstrate he exhausted available state habeas remedies before filing this petition.[2] Therefore, in the alternative, the petition is dismissed for failing to exhaust state court remedies.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional

---

[1] In paragraph one of the petition, it is asserted that exhibits to the petition "contain the bonded documents composing the transfer and reconveyance of title RONNIE ADAM CLOUD along with all assets, negotiable instruments, and liabilities to the Universal Law Community Trust." Additionally, in paragraph two, it is stated that "Melvin Mack Chandler, Jr. is MINISTER EMOVEN for the Chandler Family as EMOVEN is defined by private membership agreement and social compact agreement as energy and mass in motion under Universal Law." However, "MINISTER EMOVEN of the Cloud Family [is] the Claimant in this action." According to the Jefferson County Correctional Facility website Ronnie Adam Cloud is confined at the facility, and there is no record of Minister Emoven. *See* https://co.jefferson.tx.us/InmateSearch/Search/Detail/00273817

[2] A review of Civil Action Number 1:19cv526 reveals petitioner did not appeal his conviction based on a waiver in his plea agreement. Further, he asserted he did not file a petition for writ of habeas corpus because he is "[b]arred from any actions."

right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the movant need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by petitioner are not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 10th day of March, 2021.**

*[signature]*

Michael J. Truncale
United States District Judge